**JIN CHAO ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5486–ag.

United States Court of Appeals, Second Circuit.

June 28, 2007.

Jin Chao Zheng, New York, NY, pro se.

Terrance P. Flynn, United States Attorney, Western District of New York, Monica J. Richards, Assistant United States Attorney, Buffalo, NY, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Chao Zheng, a native and citizen of China, seeks review of the

September 20, 2005 order of the BIA affirming the July 14, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Chao Zheng*, No. A96 191 707 (B.I.A. Sept. 20, 2005), *aff'g* No. A96 191 707 (Immig. Ct. N.Y. City July 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

 Zheng is not *per se* eligible for asylum based on her mother's sterilization. *See, e.g., Shao Yan Chen v. U.S. Dept. of Justice*, 417 F.3d 303, 305 (2d Cir.2005). Regarding her eligibility for asylum based on "other resistance" to the planned birth policy, even assuming that her parents' failure to pay the fine levied against them could be imputed to Zheng, this was not an act of resistance. 8 U.S.C. § 1101(a)(42). Zheng did not claim that her parents were unwilling to pay the fine, just that they could not afford to do so. Furthermore, nothing in Zheng's asylum application or testimony suggested that she refused to accept an official's proposal to waive the fine if she would marry his son because she was opposed to China's planned birth policy. *See In re S–L–L–*, 24 I. & N. Dec. 1, 11–12 (BIA 2006). Moreover, Zheng's

refusal cannot be characterized as an "attempt[ ] to interfere with enforcement of government policy" because there was no evidence to suggest that the official's proposition was in any way connected to Chinese government policy. *Id.* at 10. On the contrary, the proposal appeared to be the aberrational act of a corrupt official. *Cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir.2005). Significantly, Zheng continued to live in China for two years after refusing to marry, and her parents were not forced to pay the fine and no member of her family has been arrested. Just as she failed to demonstrate that any past harm or threats were on account of "resistance" to the planned birth policy, Zheng failed to demonstrate that any future harm that she fears, i.e., forced marriage, would be on account of a protected ground. 8 U.S.C. § 1101(a)(42). Accordingly, the IJ properly found that she was not eligible for asylum.

As Zheng failed to meet her burden of proof for asylum, and as her withholding claim is premised on the same facts, she has failed to meet the higher burden of proof required for withholding. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

We dismiss Zheng's petition for review with respect to her CAT claim because her failure to raise that claim before the BIA precludes our review. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion to proceed in forma pauperis is GRANTED and the pending motion for a stay of removal in this petition is DISMISSED as moot.